FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 NOV 23  PM 1:57

LORETTA G. WHYTE
       CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WAYNE DOUGLAS TILLMAN | CIVIL ACTION |
| VERSUS | NO:    04-2801 |
| JO ANNE B. BARNHART<br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION | SECTION: "S" (4) |

## REPORT AND RECOMMENDATION

### I.   Introduction

This action seeks judicial review of a final decision of the Commissioner of Social Security pursuant to Title 42 of the United States Code § 405(g).  The Commissioner denied Wayne Tillman's application for Supplemental Social Security Income Benefits and Disability Insurance Benefits filed pursuant to Title XVI of the Social Security Act.  42 U.S.C. § 1382 et. seq.

The matter was referred to the undersigned United States Magistrate Judge pursuant to **Title 28 U.S.C. § 636(b)** and Local Rule 19.02E(b) for the submission of Proposed Findings and Recommendations.

### II   Factual and Procedural Summary

The claimant, Wayne Tillman ("Tillman"), is a fifty-year-old male with a tenth grade education and a past history of working as a carpenter. He filed an application for Title XVI Supplemental Security Income ("SSI") Benefits and Disability Insurance Benefits alleging that he has been disabled since December 10, 2001 from arthritis, mental problems, and alcohol abuse. (Tr.

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No_____

14, 25, 26, 56-59).

Tillman's initial and reconsideration requests were denied, and he then requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ determined that Tillman was insured for purposes of Title II disability benefits through March 4, 2004.

The ALJ issued a decision on March 4, 2004 finding that Tillman retained the residual functional capacity to perform a full range of light work. (Finding 6 Tr. 18). The ALJ concluded that Tillman's impairments neither singly nor in combination, met the criteria found at the Listing Level of Impairments of Appendix 1, Subpart P, Regulations No. 4. (Finding 4, Tr. 18).

The ALJ found that Tillman could not perform his past relevant work and that he is an individual closely approaching advanced age. (Findings 7, 8, Tr. 18). He also found that Tillman has a limited education and no transferable skills from any past relevant work. (Findings 8, 9, 10, Tr. 18). The ALJ further found that Tillman's capacity for light work was substantially intact and therefore he was not disabled because his capacity was not substantially compromised. (Finding 11, Tr. 18).

Given these findings, the ALJ concluded that based on his exertional capacity for light work, and considering Tillman's age, education and work experience, Medical Vocational Rule 202.11 directed a conclusion that Tillman is not disabled. (Finding 11, Tr. 18). The ALJ also concluded that Tillman was not disabled and therefore not entitled to a period of Disability Insurance Benefits under Section 216(I) and 223. He further concluded that Tillman was not entitled or eligible for SSI payments under sections 1602 and 1614(a)(3)(A) of the Social Security Act.

On October 4, 2004, Tillman filed suit in this Court pursuant to 42 U.S.C. § 405(g) seeking

judicial review of the ALJ's decision.[1] Tillman does not directly challenge the findings of the ALJ. Rather, he contends that the original determination resulted in a denial of benefits because he did not submit sufficient medical records. He therefore attached for review and consideration on appeal a radiology imaging report of his right shoulder and cervical spine, an undated medical report from Dr. Sparks, a Physical Capacity Evaluation ("PCE") also from Dr. Sparks, and a second PCE completed by Dr. Eversmeyer. (Pl.'s Ex. FC 1-7). Tillman seeks a remand of the matter to permit review of his newly obtained evidence.

The Commissioner asserts that the ALJ's opinion is based upon substantial evidence and that the case should not be remanded for review of the new evidence submitted by Tillman. The Commissioner contends that the new evidence should not be considered because (1) it is outside the certified transcript and therefore this Court is precluded from considering the evidence, and (2) Tillman did not met the requirements of a remand under 42 U.S.C. § 405(g) because Tillman did not establish that the new information provided is material nor did Tillman establish good cause for failing to provide the new evidence in the prior proceeding.

### III.  Consideration of Newly Obtained Evidence

After examining the language of 42 U.S.C. § 405(g), the Fifth Circuit identified only two kinds of remands possible under that statute: (1) remands pursuant to the fourth sentence, and (2) remands pursuant to the sixth sentence. *See Istre v. Apfel*, 208 F.3d 517, 519 (5th Cir. 2000). Under the fourth sentence of § 405(g), the Court, after considering the pleadings and the record, can enter a judgment affirming, modifying, or reversing the decision of the Commissioner with or without remanding the case for rehearing. *Id*.

---

[1] Rec. Doc. No. 1.

The sixth sentence "describes an entirely different kind of remand." *Id. (quoting Melkonyan v. Sullivan,* 501 U.S. 89, 97-99 (1991)). Under the sixth sentence of 42 U.S.C. § 405, the Court "does not affirm, modify, or reverse the Secretary's decision; it does not rule in any way as to the correctness of the administrative determination." *Id.* Instead, the Court "remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceedings." *Id.* Following the Court's sentence six remand, the Commissioner returns to the Court "to file . . . any such additional or modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based." *Id.* Because Tillman seeks a remand based on newly discovered evidence, the Court analyzes the possibility of remand under sentence six.

Under sentence six, the Court orders the Commissioner to take new evidence only if the claimant shows the that the evidence is material and that good cause exists for the claimant's failure to incorporate the evidence into the record in a prior proceeding. 42 U.S.C. § 405(g). Thus, the additional evidence must be new, material, and relate to the period on or before the date of the ALJ's decision. *Ripley v. Chater,* 67 F.3d 552, 555 (5th Cir.1995). Evidence is considered material only "if there is a reasonable possibility that the new evidence would have changed the outcome." *Wilkins v. Sec'y of Dep't of Health & Human Servs.,* 953 F.2d 93, 95 (4th Cir.1991).

The Court now turns to the new materials submitted by Tillman, the MRI, the two PCE's and the undated letter from Dr. Sparks. With the possible exception of the undated letter from Dr. Sparks, the three records were issued after the ALJ's decision of March 14, 2004.

Both PCE's indicate that Tillman was limited from reaching, feeling, lifting and Dr. Spark's

4

PCE noted a 20% decrease range of motion at shoulder abduction. To the extent that the PCE's indicate that Tillman is disabled, neither were issued until January 2005, well outside the period of disability.[2] The disability must have existed from December 2001 through March 4, 2004. Further, the disability determination is an evaluation that it is the sole responsibility of the ALJ.

Likewise, the Court cannot consider an undated letter from Dr. Sparks as new evidence warranting remand because nothing suggests that the letter relates to the period on, or before, the ALJ's decision.

The July 2004 MRI shows degenerative changes in his neck and right shoulder. Tillman alleges that he established good cause because he could not afford the MRI. Even if this establishes good cause, the Court concludes that to the extent the MRI relates to the earlier period, it explains Tillman's lifting restriction and diminished range of motion as noted by the ALJ in his opinion. Thus, the ALJ properly considered these limiting conditions when he issued his opinion and therefore the MRI would not change the outcome of the proceeding.

Therefore, the Court finds that Tillman has not presented new material evidence such that this Court should remand his case for an assessment and determination of the newly obtained evidence.

## IV.   Recommendation

It is the **RECOMMENDATION OF THIS COURT** that the ALJ's decision affirming the denial of Tillman's claim for Supplemental Security Income Benefits and Disability Insurance Benefits be **AFFIRMED**.

A party's failure to file written objections to the proposed findings, conclusions, and

---

[2] Dr. Eversmeyer's PCE was dated January 5, 2005, and Dr. Spark's PCE was dated January 6, 2005.

recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

Houston, Texas, this 21 day of November, 2005.

_____
KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE